**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

W. JAMES MAC NAUGHTON

        Plaintiff             CASE NO.

   -vs-

ALDEN MANAGEMENT SERVICES, INC.,
ALDEN DES PLAINES REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN ESTATES OF NAPERVILLE, INC.,
ALDEN PARK STRATHMOOR, INC.,
ALDEN ALMA NELSON, INC.,
ALDEN POPLAR CREEK REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN LAKELAND REHABILITATION AND
     HEALTH CARE CENTER, INC.,
ALDEN VILLAGE; ALDEN NORTH SHORE
     REHABILITATION AND HEALTH CARE CENTER, INC.,
ALDEN TERRACE OF MCHENRY, INC.;
ALDEN ESTATES OF EVANSTON, INC.,
ALDEN GARDENS OF WATERFORD, L.L.C.,
ALDEN OF WATERFORD, L.L.C.,
ALDEN VALLEY RIDGE REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN NORTHMOOR REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN ORLAND PARK REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN ESTATES OF BARRINGTON, INC.,
ALDEN TOWN MANOR REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN PRINCETON REHABILITATION
     AND HEALTH CARE CENTER, INC.,
HEATHER HEALTH CARE, INC.
ALDEN OF OLD TOWN EAST, INC.,
ALDEN SPRINGS, INC.
ALDEN OF OLD TOWN WEST, INC.,
ALDEN LINCOLN PARK REHABILITATION
     AND HEALTH CARE CENTER, INC.,
ALDEN WENTWORTH REHABILITATION
AND HEALTH CARE CENTER, INC.,
ALDEN VILLAGE NORTH, INC.;
AND ALDEN ESTATES OF SKOKIE, INC.

                 Defendants

## COMPLAINT
### Parties and Jurisdiction

1. Plaintiff W. James Mac Naughton is an individual and citizen of New Jersey.

2. Plaintiff is the successor in interest to the claims of Casco Bay Holdings, LLC ("Casco Bay") is a New Jersey limited liability company, against the Defendants, jointly and severally. Casco Bay is not a party to this action.

3. USA Satellite & Cable, Inc. ("USA Satellite") is an Illinois corporation with its principal place of business in Illinois. USA Satellite is not a party to this action.

4. At all times relevant to this action, USA Satellite was engaged in the business of delivering satellite television programming to the residents of multifamily properties and institutions such as nursing homes.

5. Defendant Alden Management Services, Inc. ("Alden Management") is an Illinois corporation with its principal place of business in Illinois.

6. Upon information and belief, Defendant Alden Estates of Naperville, Inc. is an Illinois corporation with its principal place of business in Illinois.

7. Upon information and belief, Defendant Alden Park Strathmoor, Inc. is an Illinois corporation with its principal place of business in Illinois.

8. Upon information and belief, Defendant Alden Alma Nelson, Inc. is an Illinois corporation with its principal place of business in Illinois.

9. Upon information and belief, Defendant Alden Poplar Creek Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

10. Upon information and belief, Defendant Alden Lakeland Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

11. Upon information and belief, Defendant Alden Village; Alden North Shore Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its

principal place of business in Illinois.

12. Upon information and belief, Defendant Alden Terrace of McHenry, Inc.; Alden Estates of Evanston, Inc. is an Illinois corporation with its principal place of business in Illinois.

13. Upon information and belief, Defendant Alden Gardens of Waterford, L.L.C. is an Illinois corporation with its principal place of business in Illinois.

14. Upon information and belief, Defendant Alden of Waterford, L.L.C. is an Illinois corporation with its principal place of business in Illinois.

15. Upon information and belief, Defendant Alden Valley Ridge Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

16. Upon information and belief, Defendant Alden Northmoor Rehabilitation and Health Care Center, Inc., is an Illinois corporation with its principal place of business in Illinois.

17. Upon information and belief, Defendant Alden Orland Park Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

18. Upon information and belief, Defendant Alden Estates of Barrington, Inc. is an Illinois corporation with its principal place of business in Illinois.

19. Upon information and belief, Defendant Alden Town Manor Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

20. Upon information and belief, Defendant Alden Princeton Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

21. Upon information and belief, Defendant Heather Health Care, Inc. is an Illinois corporation with its principal place of business in Illinois.

22. Upon information and belief, Defendant Alden of Old Town East, Inc. is an Illinois corporation with its principal place of business in Illinois.

23. Upon information and belief, Defendant Alden Springs, Inc. is an Illinois corporation with its principal place of business in Illinois.

24. Upon information and belief, Defendant Alden of Old Town West, Inc. is an Illinois corporation with its principal place of business in Illinois.

25. Upon information and belief, Defendant Alden Lincoln Park Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

26. Upon information and belief, Defendant Alden Wentworth Rehabilitation and Health Care Center, Inc. is an Illinois corporation with its principal place of business in Illinois.

27. Upon information and belief, Defendant Alden Village North, Inc. is an Illinois corporation with its principal place of business in Illinois.

28. Upon information and belief, Defendant Alden Estates of Skokie, Inc. is an Illinois corporation with its principal place of business in Illinois.

29. The parties listed in paragraphs 8 to 31 are referred to herein jointly and severally as "Alden."

30. Alden Management provided management services to and was agent for the Defendants listed in paragraphs 9 to 31.

31. At all time relevant to this action, USA Satellite provided satellite television programming to Alden.

32. The Court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs and interest.

4

**The RMG Settlement Agreement**

33. In 2006, Russian Media Group, LLC ("RMG"), a third party, sued USA Satellite in a matter captioned *Russian Media Group, LLC v. Cable America, Inc. et al*; Docket No 06-3578; NDIL (the "RMG Action").

34. On or about April 28, 2011, USA Satellite and RMG entered into an agreement settling the RMG Action (the "RMG Settlement Agreement").

35. The RMG Settlement Agreement provides, *inter alia*, that:

   a. USA Satellite gave RMG "a first priority perfected security interest" in the "Collateral" as "security for the payment" of all of USA Satellite's liabilities set forth in the RMG Settlement Agreement (the "Security Interest"); and

   b. "Collateral" was defined as "all accounts receivable and contract rights" of USA Satellite, both existing and future and the proceeds thereof (the "Collateral").

36. USA Satellite pledged, as security for payment of its obligations to RMG, revenues USA Satellite would receive from Alden (the "Alden Collateral").

37. On or about August 1, 2014, RMG assigned certain rights arising out of the RMG Settlement Agreement to Casco Bay, including, without limitation, RMG's right to collect the Alden Collateral.

38. On or about July 1, 2016, Casco Bay assigned to Plaintiff its rights arising out of the RMG Settlement Agreement to collect the Alden Collateral and any claims Casco Bay had against Alden arising out of the rights it had acquired from RMG.

5

**The Alden Collateral**

39. On or about August 8, 2014, Casco Bay notified Alden Management about Casco Bay's right to collect the Alden Collateral and demanded the delivery of the Alden Collateral to Casco Bay.

40. Alden Management ignored Casco Bay's demands to deliver the Alden Collateral to Casco Bay and continued to permit the payment of the Alden Collateral to USA Satellite until in or about December 2014.

41. Upon information and belief, from in or about December 2014 to date, Alden has retained possession of the Alden Collateral.

**COUNT ONE – CONVERSION OF THE ALDEN COLLATERAL BY ALDEN**

42. Plaintiff restates and realleges paragraphs 1 through 41 above.

43. On or about August 8, 2014, Casco Bay demanded that Alden pay the Alden Collateral directly to Casco Bay.

44. Beginning in or about December 2014, Alden wrongfully and without authorization assumed control of the Alden Collateral by taking possession of it and refusing to remit the Alden Collateral to Casco Bay.

45. Casco Bay was damaged by the conversion in an amount to be determined but at least the value of the Alden Collateral retained by Alden.

46. The actions Alden in the conversion of the Alden Collateral were done with the wanton and willful disregard of Casco Bay's rights.

WHEREFORE Plaintiff respectfully requests the entry of a judgment in its favor against Alden, in an amount to be determined but at least the value of the Alden Collateral and punitive damages in an amount to be determined but at least $500,000; and the award of attorney's fees, costs and interest and such other relief as the Court deems just and proper.

## COUNT TWO -- AIDING AND ABETTING
## USA SATELLITE'S CONVERSION OF
## THE ALDEN COLLATERAL BY ALDEN

47. Plaintiff restates and realleges paragraphs 1 through 46 above.

48. Between August 8, 2014 and December 2014, Alden made payments of the Alden Collateral to USA Satellite, which resulted in the conversion of the Alden Collateral by USA Satellite.

49. Upon information and belief, Alden knew the conversion of the Alden Collateral by USA Satellite was a wrongful act that would cause injury.

50. Upon information and belief, Alden was aware of its role in the conversion of the Alden Collateral by USA Satellite.

51. Upon information and belief, Alden knowingly and substantially assisted in the conversion of the Alden Collateral by USA Satellite.

52. Alden damaged Casco Bay by its aiding and abetting the conversion of the Alden Collateral by USA Satellite in an amount to be determined but at least the value of the Alden Collateral.

53. The actions of Alden in aiding and abetting the conversion of the Alden Collateral by USA Satellite were done with the wanton and willful disregard for the rights of Casco Bay.

WHEREFORE Plaintiff respectfully requests:

A. The entry of a judgment in its favor against Alden in an amount to be determined but at least the value of the Alden Collateral converted by USA Satellite on and after August 8, 2014; and

B. The entry of a judgment in its favor against Alden for punitive damages in an amount to be determined but at least $500,000; and

C. The award of attorney's fees, costs and interest and such other relief as the Court deems just and proper.

## COUNT THREE– UNJUST ENRICHMENT

54. Plaintiff restates and realleges paragraphs 1 through 53 above.

55. Alden's retention of the Alden Collateral violates the fundamental principles of justice, equity and good conscience.

56. Alden has been unjustly enriched at the expense of Casco Bay in an amount to be determined but at least the value of the Collateral unjustly retained by Alden.

WHEREFORE Plaintiff respectfully requests:

A. The entry of judgment in its favor against Alden in an amount to be determined but at least the value of the Alden Collateral unjustly retained by Alden; and

B. The imposition of a trust on the Alden Collateral or the proceeds thereof retained or disbursed by Alden; and

C. An order directing Alden to deliver to Plaintiff all Alden Collateral or the proceeds thereof retained by Alden; and

D. The award of attorney's fees, costs and interest and such other relief as the Court deems just and proper.

## PLAINTIFF DEMANDS TRIAL BY JURY

September 18, 2016

*W. James Mac Naughton*
W. James Mac Naughton, Pro Se
7 Fredon Marksboro Road
Newton, NJ 07860
wjm@wjmesq.com
732-634-3700