UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| W. JAMES MAC NAUGHTON, | |
| Plaintiff, | Case No. 16-cv-09027 |
| v. | |
| ALDEN MANAGEMENT SERVICES, INC., *et al.* | Judge John Robert Blakey |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff W. James Mac Naughton ("Mac Naughton") alleges, *inter alia*, that Defendant Alden Management Services, Inc. ("Alden") improperly converted various assets and was unjustly enriched at Mac Naughton's expense.[1]  [1] at 1-10. Alden has moved to dismiss Mac Naughton's claims on *res judicata* grounds.  [5] at 1-3.  For the reasons explained below, Alden's motion is denied.

---

[1] Though Mac Naughton has named multiple other entities related to Alden in his Complaint, those same related entities have apparently not been served.  [1] at 1-3 (naming, *inter alia*, Alden Estates of Naperville, Inc., Alden Park Strathmoor, Inc., Alden Alma Nelson, Inc., Alden Poplar Creek Rehabilitation and Health Care Center, Inc., Alden Lakeland Rehabilitation and Health Care Center, Inc., and Alden North Shore Rehabilitation and Health Care Center, Inc.).  Alden suggests that its present motion is dispositive as to all named parties, as Alden is in privity with these other named entities.  The Court need not address this proposition, however, as Alden's motion is ultimately denied.

I.   Background[2]

    A.   Factual Allegations

In 2006, non-party Russian Media Group, LLC ("RMG") sued non-party SA Satellite & Cable, Inc. ("USA Satellite"), in a matter captioned *Russian Media Group, LLC v. Cable America, Inc., et al.*, No. 06-cv-3578 (N.D. Ill.) (the "RMG Action"). [1] at 5. RMG and USA Satellite settled the RMG Action in April of 2011. *Id.* Pursuant to that settlement agreement (the "RMG Settlement Agreement"), USA Satellite gave RMG "a first priority perfected security interest" in certain "Collateral" as "security for the payment" of USA Satellite's obligations. *Id.* The RMG Settlement Agreement defined "Collateral" as "all accounts receivable and contract rights of USA Satellite, both existing and future and the proceeds thereof." *Id.* USA Satellite also pledged to give RMG any revenues it stood to receive from Alden (the "Alden Collateral"). *Id.*

In August 2014, RMG assigned certain rights arising out of the RMG Settlement Agreement to Casco Bay Holdings, LLC ("Casco Bay"), including, without limitation, RMG's right to collect the Alden Collateral. *Id.* That same month Casco Bay sent a letter to Alden, demanding delivery of the Collateral. *Id.* at 6.

Alden ignored Casco Bay's letter, and "continued to permit the payment" of the "Collateral to USA Satellite until in or about December 2014." *Id.* Casco Bay

---

[2] This section is based upon both the factual allegations in Mac Naughton's Complaint, [1] at 1-10, and "matter[s] of public record," including "pleadings, orders, and trial transcripts from previous litigation between the parties." *Bartucci v. Wells Fargo Bank N.A.*, No. 14-cv-5302, 2016 WL 1161283, at *4 (N.D. Ill. Mar. 24, 2016).

2

later assigned its rights under the RMG Settlement Agreement to Mac Naughton in July of 2016. *Id.* at 5.

### B. Previous Litigation

Alden's *res judicata* argument turns on two other cases in this judicial district: *Casco Bay Holdings, LLC v. USA Satellite & Cable, Inc., et al.*, No. 14-cv-10134 (Darrah, J.) ("Case I") and *USA Satellite & Cable, Inc. v. W. James McNaughton and Casco Bay Holdings, LLC*, No. 15-cv-6331 (St. Eve, J.) ("Case II").

Case I was initiated by Casco Bay, which brought claims against Alden, USA Satellite, Shai Harmelech (principal of USA Satellite) and the law firm of Leydig, Voit & Mayer, Ltd. (counsel to USA Satellite). *See* Case I, Dkt. 1. Case I was voluntarily dismissed by Casco Bay in September of 2015. *See* Case I, Dkt. 98.

Case II, meanwhile, was brought by USA Satellite against Casco Bay and Mac Naughton in the Circuit Court of Cook County. *See* Case II, Dkt. 1. Casco Bay removed Case II to this judicial district, *id.*, and subsequently filed cross-claims and third party claims against multiple parties, including Alden. *See* Case II, Dkt. 37 at *23-25. Alden moved to dismiss, arguing that jurisdiction was "improper" under Federal Rule of Civil Procedure 12. *See* Case II, Dkt. 103. Judge Amy J. St. Eve granted Alden's motion and dismissed the claims against it in June of 2016. *See* Case II, Dkt. 133. Judge St. Eve specifically found that there were "no claims in [Case II] that Alden is secondarily or derivatively liable as required under Rule 14(a)," and the third-party claims against Alden were dismissed "without prejudice" in light of this same procedural defect. *See id.* at *3.

3

## II. Legal Standard

As a preliminary matter, the Court notes that *res judicata* "is [usually] not one of the affirmative defenses that Rule 12(b) permits . . . ; rather, *res judicata* is an affirmative defense which should be raised in a motion for judgment on the pleadings under Rule 12(c)." *U.S. Bank, Nat'l Ass'n v. JKM Mundelein LLC*, No. 14-cv-10048, 2015 WL 2259474, at *2 (N.D. Ill. May 12, 2015). That said, depending upon the allegations raised and the content of the public records subject to judicial notice, "*res judicata* may provide grounds for dismissal under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Id.*; *see also Clark & Leland Condo., LLC v. Northside Cmty. Bank*, 110 F. Supp. 3d 866, 868-69 (N.D. Ill. 2015), *on reconsideration in part sub nom.* 2016 WL 302102 (N.D. Ill. Jan. 25, 2016) ("*res judicata* is an affirmative defense [however] the doctrine of *res judicata* may properly be raised as a basis to dismiss a complaint pursuant to Rule 12(b)(6)").

Under Rule 12(b)(6), then, the Court must determine whether the Complaint states "a claim to relief that is plausible on its face." *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts, and draw all reasonable inferences in its favor. *Id.*; *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Yeftich*, 722 F.3d at 915. Rule 12(b)(6)

4

limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice," including public filings in other federal courts. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

### III. Analysis

Alden argues that the questions presented by Mac Naughton's instant Complaint were definitively resolved in Case I and Case II, and thus his present claims are untenable under the doctrine of claim preclusion or *res judicata*. *Res judicata* bars any claims that were litigated or could have been litigated in a previous action when three requirements are met: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016) (internal quotation omitted).

Plaintiff implicitly concedes that the first two elements of this standard are satisfied, and the Court will accordingly do the same.

#### A. Final Judgment On The Merits

Contrary to Alden's assertions, neither Case I nor Case II featured the requisite final judgment on the merits, for the reasons explained below.

In Case I, Mac Naughton voluntarily dismissed his claims against Alden. *See* Case I, Dkt. 98. A voluntary dismissal, however, "renders the dismissed action a nullity," *In re Mission Bay Ski & Bike, Inc.*, No. 07-br-20870, 2009 WL 2913438, at

5

\*7 (Bankr. N.D. Ill. Sept. 9, 2009), such that "the doctrines of *res judicata* and collateral estoppel have no application." *In re Hallahan*, 99 B.R. 897, 899 (Bankr. C.D. Ill. 1989), *aff'd*, 113 B.R. 975 (C.D. Ill. 1990), *aff'd sub nom. Matter of Hallahan*, 936 F.2d 1496 (7th Cir. 1991); *see also Robinson v. Willow Glen Acad.*, 895 F.2d 1168, 1169 (7th Cir. 1990) (voluntarily dismissed claim should be "treated as if it had never been filed"); *United States v. Mt. Vernon Memorial Estates, Inc.*, 734 F.2d 1230, 1236 (7th Cir. 1984) (voluntary dismissal "turns back the clock; it is as if the plaintiff's lawsuit had never been brought"); 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 2367 (3d ed.) ("As numerous federal courts have made clear, a voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed [and] [t]he general rule is that a dismissal without prejudice is neither final nor appealable."). Alden's argument pursuant to Case I is a non-starter.

In Case II, Mac Naughton, as a Defendant/Third-Party Plaintiff, attempted to bring claims against Alden pursuant to Federal Rule of Civil Procedure 14(a). *See* Case II, Dkt. 37 at \*23-25. Judge St. Eve dismissed Mac Naughton's impleader claims against Alden because there was no suggestion that Alden was "secondarily or derivatively liable as required under Rule 14(a)." *See* Case II, Dkt. 133 at \*3.

Case II (unlike Case I) featured an involuntary dismissal, such that Case II is governed by Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that an involuntary dismissal is "on the merits," unless the court order "specifies otherwise" or the dismissal was for "lack or jurisdiction, improper venue, or failure to join a

6

party." Fed. R. Civ. P. 41(b). The dismissal in Case II was not "on the merits" because Judge St. Eve "specifie[d] otherwise," noting that the dismissal was "without prejudice." *See* Case II, Dkt. 133 at *3; *Semtek Intern. Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 498 (2001) (An "adjudication upon the merits in Rule 41(b) is the opposite of a dismissal without prejudice—that is, it is a dismissal that prevents refiling of the claim in the same court.") (internal quotation omitted); *see also Arast v. Pendelton*, No. 13-cv-08882, 2014 WL 5469933, at *2 (N.D. Ill. Oct. 28, 2014) ("the term 'without prejudice,' when used in a dismissal order, clearly manifests the intent of the trial court that the order not be considered final and appealable. Those words also signal the trial court's intent to allow a plaintiff to refile the action.") (internal quotations omitted); 9 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Civ.* § 1463 (3d ed.) ("When the court denies a motion to bring in a third-party defendant, it only rules on the desirability of allowing that claim to be pressed at that particular time and in that manner; it does not determine the merits of the third-party claim. Defendant is free to assert the third-party claim as a separate suit."). Because Judge St. Eve's dismissal of Mac Naughton's claims was not on the merits, Alden's *res judicata* argument pursuant to Case II also fails.

## IV. Conclusion

For the reasons discussed above, Defendant Alden Management Services, Inc.'s motion to dismiss [5] is denied.

Date: April 3, 2017

Entered:

John Robert Blakey
United States District Judge